IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| HENRY MICHAEL LEWIS | § | |
| VS. | § | CIVIL ACTION NO. 1:20-cv-344 |
| AARON J. TEMPKINS, JR, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Henry Michael Lewis, a prisoner confined at the Boyd Unit of the Texas Department of Criminal Justice, Correctional Institutions Division located in Teague, Texas, proceeding *pro se*, brings this lawsuit against prison officials at the LeBlanc Unit located in Beaumont, Texas.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge, for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Plaintiff submitted an Application to Proceed *In Forma Pauperis* in this action. (Doc. #2.) The application was subsequently granted, and the agency having custody of Plaintiff was ordered to collect the balance of the filing fee from Plaintiff's prisoner account over time and forward to the court.

It was recently discovered, however, that Plaintiff was not eligible to proceed *in forma pauperis* at the time he filed this complaint because of prior frivolous litigation. Plaintiff has an extensive litigation history while confined and has filed at least three prior lawsuits or appeals that have been dismissed as frivolous or for failure to state a claim. *See Lewis v. Livingston*, No. 4:09cv956 (S.D. Tex. Apr. 16, 2009) (dismissed as frivolous); *Lewis v. Dallas Co., Tex.*, No. 3:04cv2065 (N.D. Tex. Oct. 29, 2004) (dismissed as frivolous and for failing to state a claim); and *Lewis v. Meier*, No. 3:01cv1574 (N.D. Tex. Sept. 24, 2002) (dismissed as frivolous). Accordingly, 28 U.S.C. § 1915(g) applies to this action.

Title 28 U.S.C. § 1915(g) prohibits prisoners from repeatedly filing frivolous or malicious complaints *in forma pauperis*. Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action [*in forma pauperis*] . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff alleges he was confined in overcrowded and dangerous conditions while he was housed at the LeBlanc Unit. As a result, Plaintiff claims he refused his housing assignment and he was placed in segregation. Additionally, Plaintiff complains that he received three "illegal" disciplinary convictions at the LeBlanc unit which caused him to be ineligible for his parole review. The allegations set forth in Plaintiff's complaint concern incidents which occurred during his previous assignment to the LeBlanc Unit and do not demonstrate that he was in imminent danger of serious physical injury at the time he filed his complaint at the Boyd Unit. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). Section 1915(g) therefore bars Plaintiff from proceeding with this lawsuit on an *in forma pauperis* basis.

Since Plaintiff is barred from proceeding on an *in forma pauperis* basis, the case should be dismissed unless the full $402.00 filing fee is paid by Plaintiff. Therefore, if Plaintiff desires to proceed with this action he must submit the remainder of the full filing fee, $52.00, within fifteen (15) days from the date of this Report. Plaintiff's failure to comply with the filing fee requirement will result in the dismissal of this action and a refund to his prisoner trust account of the amount previously collected, $350.00.

## Recommendation

This action should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 30th day of March, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE